CHARLES A. PARRISH and C. A. PARRISH, JR., Co-partners Doing Business Under the Firm Name of PARRISH & COMPANY, v. STATE RAILROAD COMMISSION, ATLANTIC COAST LINE RAILROAD COMPANY, LIME ROCK ASSOCIATION, and STATE ROAD DEPARTMENT.

190 So. 769

Opinion Filed August 1, 1939

*Keen & Allen, J. Velma Keen, Wm. P. Allen* and *Frank O'Kelley, Jr.,* for Petitioners;

*J. Turner Butler, Theo T. Turnbull* and *Wm. P. Simmons, Jr.,* for Respondents.

PER CURIAM.—On June 14, 1939, we entered an order herein denying petition for certiorari to review the findings and order of the Railroad Commission of April 28, 1939, as follows:

"1. Pursuant to Notice No. 754 dated April 20, 1939, this matter came on for formal hearing before the Railroad Commissioners at their hearing room, Supreme Court Building, Tallahassee, Florida, at 2:30 P. M. on Thursday, April 27, 1939. Then and there appeared the following:

"R. J. Doss, freight traffic manager for the applicant, Atlantic Coast Line Railroad Company. J. Turner Butler for the Lime Rock Association appearing in behalf of the application. Thomas D. Guthrie, Chas. A. Parrish and C. A. Parrish for Claussen-Lawrence Construction Company and Parrish & Parrish in opposition to the application.

"Frank E. Harrison, Jr., for the State Road Department."

"2. On April 4, 1939, the Atlantic Coast Line Railroad Company filed its application with this Commission for relief from Freight Rule No. 2 and the Long and Short Haul Law so that it might publish a rate of 70 cents per ton of 2,000 pounds on Crushed Stone C. L. from Haile, Florida, to Jasper, Florida, and for authority to publish this rate subject to an expiration date of December 31, 1939.

"The published rate now in effect from Haile to Jasper is 100 cents per ton of 2,000 pounds. The State Road Department at the time this application was made contemplated paving seven and one-half miles of highway from Jasper to the Florida-Georgia State line. The appropriation for the purpose of constructing this road would not permit the use of rock (crushed stone) at the freight rate of 100 cents per ton of 2,000 pounds. The State Road Department, however, determined that if the freight rate on lime rock from Haile could be reduced from 100 cents per ton to 70 cents per ton the road could be built of rock, otherwise it would have to use a 'mixed in place' type of paving. The Road Department advised the railroad to this effect and this gave rise to the present application.

"3. Before the final action on this application Mr. Chas. A. Parrish, agent for the Claussen-Lawrence Construction Company and in behalf of Parrish & Company, protested the granting of this application on the ground that it owned a rock pit at a point on the Atlantic Coast Line Railroad

between Haile and Jasper called Roxspur, and that it should be granted a proportional rate on lime rock shipped from this pit.

"4. On April 11, 1939, the Atlantic Coast Line Railroad Company amended its application to provide for a rate of 70 cents per ton of 2,000 pounds from the rock pit at Roxspur. Mr. Parrish was not satisfied with this rate and contended that he should have a percentage reduction in his rate from Roxspur and asked that the matter be set down for hearing. The hearing has been held as heretofore mentioned.

"5. The applicable portion of the Long and Short Haul Law is as follows:

" '6730 (4644) That it shall be unlawful for any railroad company engaged in the business of common carriers of freight in the State of Florida to charge or receive any greater compensation in the aggregate for the transportation of freight of any nature for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, or to charge any greater compensation as a through route than the aggregate of the intermediate rates subject to the provisions of this section; but this shall not be construed as authorizing any common carrier, within the terms of this section, to charge or receive as great compensation for a shorter as for a longer distance; Provided, however, that upon application to the Railroad Commissioners such common carrier may in special cases, after investigation, be authorized by the Railroad Commissioners to charge less for a longer than for shorter distances, for the transportation of freight, and the Railroad Commissioners may, from time to time, prescribe the extent to which such designated

common carrier may be relieved from the operation of this Section.'

"6. Freight Rule 2 of the Rules and Regulations of the Railroad Commission is as follows:

" 'MAXIMUM RATES MAY BE REDUCED

" '2. The schedule of rates allowed and adopted by the Railroad Commissioners for each road are maximum rates, which shall not be transcended. They may, however, carry at less than the rates allowed and adopted, provided that if they carry for less for one person they shall, for the like service, under similar circumstances and conditions carry for the same lessened rate for all persons except as mentioned hereafter; and if they adopt less freight rates for one station they shall make a reduction of the same per cent at all stations along the line of road, so as to make no unjust discrimination as against any person or locality. But when, at any point within this State, there are competing lines of transportation, any railroad company injuriously affected thereby may, at such connection point, make rates below those allowed or adopted, to meet such competition without making a corresponding reduction along the line of road.

" 'The Commissioners may entertain application for temporary modification of so much of this rule as requires the general reduction of rates to all stations when made to any station, when in their judgment a local and temporary cause may justify such modification, as, for instance, epidemic, floods, droughts, storms, or other exigencies.'

"7. There is a rock pit at Haile, Florida, on the line of the Atlantic Coast Line Railroad Company from which the State Road Department desires to use the rock with which to construct the road from Jasper to the Georgia State line.

Haile is 80.6 miles from Jasper and the published rate is 100 cents per ton of 2,000 pounds on rock. C. L. Parrish & Company have leased a lime rock pit 2.5 miles south of Branford on the Dupont-High Springs Division of the Atlantic Coast Line Railroad Company which lime rock pit is known as Roxspur or Beach and is located 42.1 miles from Jasper and is on the line of the Atlantic Coast Line Railroad between Haile and Jasper. The published rate on lime rock (crushed stone) C. L. from this pit is 80 cents per ton of 2,000 pounds. It is the contention of Parrish & Company that if the rate from Haile should be reduced from 100 cents per ton to 70 cents per ton the rate from its pit should be reduced proportionately, that is to say, from 80 cents per ton to 56 cents per ton. The rail carrier contends that if the rate is to be reduced proportionately at intermediate points between Haile and Jasper there would be no necessity for it to apply for relief of Rule 2, and of the Long and Short Haul Law. The rail carrier is willing to make the rate the same from Haile and from Roxspur but is not willing to put in a further reduced rate of 56 cents from Roxspur. It contends that there are certain transportation reasons that forbid a reduced rate less than 70 cents per ton.

"8. The evidence discloses that the contract to construct the road was awarded by the State Road Department to Cornell-Young Company on April 13, 1939, and finally executed on April 22, 1939. A representative of this company testified that before submitting a bid on this road he was informed that the rate on rock from Haile would be 70 cents per ton. That he desired to use the rock from the rock pit at Haile and had entered into a contract to use said rock if the rail rate was 70 cents per ton. That he was bound to use rock from this pit so long as the rate was 70

cents per ton even though the rate from Roxspur was reduced to 56 cents per ton. He stated he did not know what his company would do if the rate on rock from Haile and Roxspur remained as at present, that is to say, if the application was denied. However, the testimony of the representative of the Road Department conclusively showed that the appropriation for the construction of the road was not sufficient to permit its building of rock unless the rate was reduced to 70 cents per ton.

"9. There was some testimony presented for the purpose of showing that previous efforts had been made to mine rock from the pit at Roxspur but by reason of the impregnation of the rock with clay, and the expense necessary to rid the rock of this clay was so great, that the operation had always proven unsuccessful. This testimony was vehemently denied by a witness of Parrish & Company who now operate this pit. The Commission makes no finding on this matter but it was evident that the contractor had been influenced by these facts and rather hesitated to purchase rock from this pit.

"10. Parrish & Company contended that it would be an unjust discrimination against his plant to approve this application. That its plant was 42.1 miles south of Jasper and that the plant at Haile was 80.6 miles, and the geographical location of his plant, therefore, required that its rates be lower than the rates from Haile. The rail carrier contends that this is a special case, is covered by the Long and Short Haul Law and Rule 2, and is not such discrimination as the statute forbids.

"11. The exaction of as high rates for a shorter haul as for a longer haul over the same line in the same direction, the shorter haul being included in the longer, is itself a discrimination. Whether it is an unjust discrimination,

and therefore illegal, is placed within the dscreton of the Commission to determine. The burden is on the rail carrier to justify the exception to the rule and to show such substantial dissimilarity of circumstances and conditions as would justify its application.

"12. The Commission heard all of the testimony and has carefully considered the application and is of the opinion that the granting of this application will work no injustice, and that such discrimination as is apparent on the face of the record is not an unjust discrimination such as the law forbids. It is patent from the testimony that the funds allocated to this road would not permit of its construction of rock unless the rail carrier had agreed to reduce the freight rate to 70 pents per ton. The State Road Department requested the rail line to reduce the rate to 70 cents per ton from Haile, Florida, in order to use the rock, as a better and more durable road can be built of rock than the 'mixed in place' type, which was originally proposed; this the rail carrier agreed to do and requested the Commission to grant it this authority; that with equal rates from both rock pits the contractor prefers rock from the pit at Haile, and even if the rate was reduced to 56 cents per ton from Roxspur the contractor would not use rock from this pit so long as he could get the rock from Haile at 70 cents per ton, and, therefore, Parrish & Company cannot be heard to complain that it would be damaged by the granting of the application. As no one will be injured by permitting the rate to become effective, and the contract has already been let with the understanding that the rate would be 70 cents per ton, the Commission holds this to be a *special* case as described in the statute and comes within the exception to Rule 2, and justifies relief from said rule and from the Long and Short Haul Law.

"Wherefore it is Considered, Ordered and Adjudged by the Railroad Commission of the State of Florida that the amended application of Atlantic Coast Line Railroad Company for relief from Freight Rule No. 2, and the Florida Long and Short Haul Law, so that it might publish a rate of 70 cents per ton of 2,000 pounds on Crushed Stone C. L., from Haile, Florida, and from Roxspur or Beach, Florida, to Jasper, Florida, be and the same is hereby Approved.

"It is further Ordered that the publication of said rates shall be subject to an expiration date of September 30, 1939."

Petition for rehearing has been filed.

We hold that the Railroad Commission did not exceed its power and authority as evidenced by Section 4644 R. G. S., 6730 C. G. L., in granting the order complained of, but, in so holding, we construe the order as applying only to the "Special Case" of Crushed Stone to be used for the construction of seven and one-half miles of paving on the State highway between Jasper, Florida, and the Florida-Georgia State line.

If the rate is attempted to be applied to other shipments it then becomes not a rate for a "Special" *case* but a rate for a special *location* and is not within the purview of the statute, *supra*.

With this explanation of our order of June 14, 1939, the petition for rehearing is denied.

So ordered.

Terrell, C. J., and Whitfield, Brown, Buford and Chapman, J. J., concur.

Justice Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.